IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 08 C 5120 |
| v. | ) |
| | ) Suzanne B. Conlon, Judge |
| THOMAS DART, not individually but as | ) |
| Sheriff of Cook County, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Jane Doe, under a pseudonym, sued Thomas Dart as the Sheriff of Cook County for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (Count I), and state law harassment (Count II). Doe brought a state taxpayer's lawsuit for unlawfully converting federal funds designated for housing prisoners in specified Cook County jail facilities (Count III). The case was dismissed without prejudice for failure to sue in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1). Doe moves for reconsideration under Fed. R. Civ. P. 59(e). For the reasons set forth below, the reconsideration motion is denied.

## BACKGROUND

The following facts are derived from Doe's complaint. Doe works for the Cook County Sheriff. She was granted FMLA leave, but was disciplined and not promoted in retaliation for taking the leave. The sheriff maintains a list employees who have taken FMLA leave, who are to be "watched." The list is distributed to supervisors.

The Cook County jail receives federal funds to house inmates in certain facilities. Doe discovered the facilities were not being used to house prisoners and questioned their use. Since that time, Doe has been unreasonably disciplined.

Dart moved to dismiss the complaint in its entirety because Doe failed to establish exceptional circumstances to proceed under a pseudonym despite repeated requests to name the real party in interest. Fed. R. Civ. P. 17(a)(3). Dart moved to dismiss the state law harassment claim (Count II) because Illinois does not recognize the tort of retaliatory harassment, and the state taxpayer's lawsuit (Count III) for lack of standing.

The motion to dismiss was granted. Dkt. 45, January 23, 2009 Order. A case must be brought in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1). The court raised the issue during an October 2008 status hearing, but Doe failed to provide good cause to proceed under a pseudonym. January 23, 2009 Order. The state law harassment claim (Count II) and taxpayer's lawsuit (Count III) were found substantively defective. *Id.*

## DISCUSSION

### I. Legal Standard

Plaintiff moves for reconsideration under Fed. R. Civ. P. 59(e). Motions to reconsider under Rule 59(e) serve the limited function of either correcting manifest errors of law or fact or presenting newly discovered evidence. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, and it does not allow a party to introduce new evidence or advance arguments that could have and should have been presented prior to judgment. *Id.*

## II. Use of Pseudonym

Doe argues that agreements between her attorney and Dart's attorneys warrant reconsideration. According to Doe's attorney, he met with the lead attorney for Dart, and they agreed to a protective order that would permit Doe to proceed under a pseudonym with the court's consent. Dkt. 49, Doe's Reconsideration Motion, Ex. D, David A. Novoselsky Aff. Dart's attorneys deny, *albeit* without a supporting statement, that they agreed Doe could litigate the case under a pseudonym.

The dispute whether the parties ever reached an agreement regarding Doe's use of a pseudonym is immaterial. The court has an independent duty to determine whether exceptional circumstances warranted Doe's use of a pseudonym. *Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004). Judicial proceedings must be open; the concealment of a party's name impedes public access to the facts of the case. *Id.* at 669. A party's identity is presumed to be public information. The presumption may be rebutted by showing that the harm to the plaintiff exceeds the obvious harm caused by concealing a party's identity. *Id.*

Doe claims she is in fear for her life because she unsuccessfully attempted to report to her supervisors about the alleged improper use of public funds. She does not support this conclusion with an affidavit, and does not provide any reason for her fear. She does not establish she would be harmed by litigating under her true identity. She does not meet her burden of overcoming the presumption that her identify as plaintiff is public information, and she fails to provide a basis to reconsider the dismissal under Fed. R. Civ. P. 17(a)(1).

3

## III. Sufficiency of State Law Harassment Claim (Count II)

Doe requests reconsideration of the denial of her state law harassment claim (Count II). Doe states that prior to the dismissal of her complaint, the parties agreed to submit a joint motion to stay a ruling on Dart's motion to dismiss to allow the parties time to "resolve some contested issues." The parties agreed that if discussions were not successful, Doe would seek leave to file an amended complaint. Doe's Reconsideration Motion, Ex. C, Joint Motion to Stay Ruling on Motion to Dismiss. The joint motion to stay was never filed or presented to the court. Doe does not dispute the insufficiency of the state law harassment claim, and does not submit a proposed amended complaint. She fails to provide any basis to reconsider the dismissal of Count II for state law harassment.

## IV. Standing to Bring State Taxpayer Action (Count III)

Doe does not contest the dismissal of her state taxpayer action for recovery of federal funds. Rather, she argues she has standing to raise Count III (state law taxpayer's action) because the funds Dart receives for misused jail facilities are Cook County funds, not federal funds as she alleged in her complaint. Doe states she learned the true funding source during a post-complaint filing meeting between her attorney and attorneys for Dart. She provides no explanation why she could not have learned the source of the funding prior to filing this case.

Dart responds that Doe lacks standing to bring a claim for recovery of county funds, citing *County of Cook ex rel. Rifkin v. Bear Stearns & Co.*, 831 N.E.2d 563 (Ill. 2005). In *Rifkin*, plaintiffs sued Bear Stearns under Illinois statutory and common law to recover, on behalf of Cook County, alleged improper overcharges Bear Stearns made in orchestrating the county's bond refinancing plan. *Id.* at 565-66. Plaintiffs brought breach of contract and breach of

4

fiduciary duty claims against the accounting firm that verified the accuracy of the county's escrow account, and the financial advisors for the bond refinancing plan. *Id.* at 566.

The basis for the statutory claim against Bear Stearns was article XX (Recovery of Fraudulently Obtained Public Funds) of the Illinois Code of Civil Procedure (735 ILCS 5/20-101, *et seq.*). A private citizen residing within the boundaries of the affected governmental unit is authorized to sue on behalf of the governmental unit provided he sends a certified letter to the appropriate government official stating his intention to sue, and the official does not, within 60 days, sue, send notice of a settlement, or state intention to sue within 60 days. 735 ILCS 5/20-104(b) ("Section 20-104(b)").

The Illinois Supreme Court affirmed dismissal of the complaint based on lack of standing. Section 20-104(b) was held unconstitutional to the extent it purported to confer standing on private citizens to sue when the county – the only entity that would benefit from plaintiffs' successful lawsuit – was the real party in interest. The State's Attorney is presumed to act in the interests of the county, and his constitutional power to direct the county's legal affairs may not be removed by statute. *Rifkin*, 831 N.E.2d at 568-70. Plaintiffs lacked common law taxpayer standing because they did not allege the county was complicit in the alleged fraud. *Id.* at 566, 571-72. In cases of alleged official misconduct, a public officer who breached a duty may be unable or unwilling to make on objective decision about suing and may be able to prevent the public body involved from suing. Under those circumstances, a taxpayer suit may provide the only means of remedying official misconduct. *Id.* at 572. The Counties Code (55 ILCS 5/1-6003, 5/3-9005(a)(1)) grants the State's Attorney exclusive authority to prosecute all actions on behalf of a county. *Rifkin*, 831 N.E.2d at 572-73.

Doe argues she has common law taxpayer standing to sue Dart because, unlike *Rifkin*, she alleges official misconduct. According to Doe, Dart receives county funds to house prisoners in certain Cook County jail facilities, but the facilities are not being used for that purpose. This allegation does not resolve Doe's standing. She does not address the Cook County State's Attorney's exclusive authority under the Counties Code to bring actions on behalf of the county, or the basis for any recovery of county funds to Doe. She fails to establish a taxpayer suit is the only means of remedying Dart's alleged misconduct. Indeed, the record reflects that the Cook County State's Attorney's Office is investigating Doe's allegations, and a Special State's Attorney has been appointed to represent Dart in this action. Dkts. 60, Plaintiff's Emergency Motion to Quash and for Disqualification, and 62 and 64, Motions to Withdraw and Substitute Attorneys for Dart. Doe does not meet her burden of establishing standing to bring a taxpayer lawsuit against Dart, and fails to provide a basis to reconsider the dismissal of Count III.

## V. Supplemental Jurisdiction

Doe fails to meet her burden of establishing supplemental jurisdiction over her state law harassment (Count II) and taxpayer claims (Count III). A district court has supplemental jurisdiction over any claim that is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). State and federal claims are part of the same case or controversy if they derive from a common nucleus of operative facts. *Hansen*, 551 F.3d at 607.

Doe has not demonstrated any factual overlap between her FMLA claim and the state claims. She claims the sheriff retaliated against her for taking FMLA leave. The harassment and

6

taxpayer claims, however, are based on Doe's alleged discovery and attempt to report that the Cook County jail improperly receives federal funds to house inmates in certain facilities. She fails to establish supplemental jurisdiction over the state law claims.

## CONCLUSION

Reconsideration of the order dismissing this case without prejudice is not warranted. Doe provides no basis to litigate under a pseudonym. She does not dispute the insufficiency of the state law harassment claim (Count II). She lacks standing to bring a taxpayer lawsuit (Count III) because the Cook County State's Attorney has the exclusive statutory authority to sue on behalf of the county, and she fails to demonstrate a taxpayer suit is the only means of remedying Dart's alleged misconduct. In addition, she fails to establish supplemental jurisdiction over the state law harassment (Count II) and taxpayer (Count III) claims.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 24, 2009